17761

Ex parte Ollie Mae EPPS, Appellant, v. William R. KING and Thomas L. Poteat, as Receivers of Cash Building Supply, Inc., Respondents. In re WACCAMAW LUMBER AND SUPPLY COMPANY, Plaintiff, v. CASH BUILDING SUPPLY, INC., Defendant.

(119 S. E. (2d) 229)

*Arthur W. Holler, Jr., Esq.,* of Myrtle Beach, *for Appellant,*

*Rosen & Rosen,* and *Cecil W. Schneider,* of Georgetown, *for Respondents,*

March 31, 1961.

TAYLOR, Justice.

This appeal from the Court of Common Pleas for George-town County concerns the ownership of a cashier's check, or its proceeds, dated May 20, 1959, drawn on the First National Bank of Myrtle Beach, South Carolina, and payable to one D. M. Epps. The respondents are the duly appointed and acting receivers of Cash Building Supply, Inc., an insolvent corporation, of which the said D. M. Epps is president, and claim the proceeds of the cashier's check as an asset of said corporation as a result of an alleged endorsement thereon to the corporation by Epps. The appellant is the mother of D. M. Epps and loaned him the money represented by the check. She contends that the proceeds of the check belong to her and that the check was never legally transferred to the insolvent corporation. The Circuit Court held that the check in question was an asset of the corporation, denied appellant's claim thereto and ordered the funds paid over to respondents. This appeal is from such ruling.

The record discloses the following material facts: Cash Building Supply, Inc., could not meet its obligations and a meeting of the creditors was called for May 19, 1959, at the instance of D. M. Epps, the president of the corporation. At this meeting he advised the creditors that the corporation had available certain funds and that he could get an additional $3,000.00 immediately to put in the business if the creditors would withhold receivership proceedings until he could make an offer of settlement. The creditors suggested that he secure the funds and place them with an accountant, C. T. Bell, Jr., who was the only one authorized to issue checks against the account of the corporation. Immediately following this meeting Epps borrowed the sum of $3,000.00 from his mother, the appellant. The money was turned over to Epps in the form of the cashier's check in question with him as the payee. The cashier's check was placed in the hands of the accountant, C. T. Bell, Jr., with the following

endorsement thereon: "D. M. Epps—Pres.—For deposit only Cash Bldg. Supply, Inc." While there is dispute as to whether at the time of the delivery of the check to the accountant it contained the personal endorsement of Epps, we think this is immaterial here. This check was held by the accountant and was never deposited to the credit of the corporation. Further meetings were held with the creditors on May 26 and June 9, 1959, all concerned with the corporate indebtedness. Epps offered to pay the creditors approximately 50 per cent of their debts in full settlement thereof at the June 9th meeting, but the offer was refused. At this meeting the creditors were furnished with a financial statement of the corporation by Epps showing the sum of $3,-116.48 as cash on hand, but no such amount was turned over to respondents as assets of the corporation. After the meeting on June 9th when negotiations for settlement of the corporate indebtedness failed, Epps secured the cashier's check from the accountant and returned it to the appellant on June 12, 1959. The respondents were appointed receivers of the corporation on June 10, 1959, and, after a refusal by Epps to deliver the cashier's check as a part of the assets of the business, instituted proceedings on June 12, 1959, to recover it.

The respondents contend that the endorsement of the cashier's check by Epps as above set forth operated to transfer title to the check or its proceeds to Cash Building Supply, Inc. We think the record conclusively shows that the delivery of the cashier's check to the accountant, C. T. Bell, Jr., was conditional and that there was no intent to pay over its proceeds to Cash Building Supply, Inc. There is no contention that any party to the transaction occupied the position of a holder in due course. The law has always recognized conditional deliveries of papers and has invariably held that the intention of the parties controlled as to whether a delivery was absolute or conditional. *Alexander v. Kerhulas,* 151 S. C. 354, 149 S. E. 12.

It is undisputed that the efforts by Epps to raise additional funds was for the purpose of making an acceptable offer to the creditors so that the business of Cash Building Supply, Inc., could continue to operate, and it was at the suggestion of the creditors that Epps placed the cashier's check with the accountant to assure compliance with any offer made. There is not the slightest suggestion in this record that Epps intended to pay over to the insolvent corporation the funds in question. On the other hand, it conclusively shows that the check was placed in the hands of the accountant to be held by him pending negotiations with the creditors for a settlement of their claims. The accountant in whose hands the check was placed evidently so regarded it, for he did not attempt to cash the check or deposit it to the credit of the corporation although the check was in his possession for approximately 20 days; and when negotiations with the creditors failed, he promptly returned the check to Epps who returned it to the appellant. We think the only reasonable inference from the record is that the cashier's check in question was never delivered to Cash Building Supply, Inc., with intent to transfer title to the same, but was placed in the hands of the corporate accountant conditionally pending negotiations with the creditors of the corporation for settlement of their claims and that all parties so understood.

The remaining question arises under appellant's exceptions to the Order of the Circuit Court settling the record on appeal. Appellant objects to the statement in the transcript of record as settled by the Court and the inclusion in the record of certain antecedent Orders in the cause. We see no prejudice to appellant in the Order settling the case on appeal and these exceptions are overruled.

We are of opinion that the Order appealed from should be reversed and an appropriate Order entered requiring payment of the funds or delivery of the check in question to appellant in conformity with the views expressed herein, and it is so ordered.

Reversed.

OXNER, LEGGE and Moss, JJ., concur.