18658

W. D. WAHL and K. C. Childress, Respondents, v.
William L. HUTTO, Appellant

(155 S. E. (2d) 1)

*Messrs. Fulmer, Barnes, Berry & Austin,* of Columbia, *for Appellant,*

*Messrs. Drawdy & Able* and *Charles D. Davis,* of Columbia, *for Respondents,*

May 29, 1967.

Moss, Chief Justice:

This action was instituted by W. D. Wahl and K. C. Childress, the respondents herein, against William L. Hutto, the appellant herein, to recover the sum of $2,500.00 alleged to be due them as real estate brokers' commission on the sale of a parcel of land by the appellant to one Ray Bass. In their complaint the respondents allege that through their employees and agents they were the procuring cause of the sale of the said real property owned by the appellant to Ray Bass and, as a result of their services the appellant entered into a contract, or bond for title, with the said Ray Bass, whereby he sold to him the lot in question for the sum of $50,000.00. The answer of the appellant was (1) a general denial, and (2) that he did execute a contract wherein and whereby Ray Bass was to purchase the property in question but such was conditioned upon his being able to secure adequate financing for the construction of an eating establishment thereon and Bass being unable to secure such necessary financing the parties in accordance with said prior agreement cancelled the said contract or bond for title.

This case came on for trial before the Honorable Legare Bates, and a jury, in the Richland County Court, on October 20, 1966. At appropriate stages of the trial the Appellant made motions for a nonsuit and directed verdict. These motions were overruled and the case was submitted to the jury, resulting in a verdict for the respondents in the amount of $2,325.00. The appellant moved for judgment *non obstante veredicto*, or in the alternative, for a new trial, and such was denied by the trial judge. This appeal followed. One of the grounds of the motions of the appellant was that the uncontradicted testimony shows that the appellant never sold the premises in question to Ray Bass for the reason that the contract for sale or bond for title was conditioned upon his being able to secure adequate financing for the construction of an eating establishment thereon and, the said Bass being unable to obtain such financing, the parties

in accordance with said prior agreement cancelled said contract for sale or bond for title. Under our view, even though there are several exceptions, this case can be disposed of by determining whether the motion of the appellant for a directed verdict and judgment *non obstante veredicto* on the ground stated should have been granted.

. The record shows that Childress called the appellant in an effort to sell him the piece of property adjacent to that owned by the appellant. The appellant told Childress that he was not interested in purchasing the said property but would like to dispose of his own property. Childress testified that the appellant gave him the dimensions of his lot and told him if he had a prospect "to sell it". It appears that Ray Bass, who was in the business of operating drive-in restaurants, saw the property of the appellant as he was traveling along Main Street in the City of Columbia. He called one Jensen, a salesman for W. D. Wahl, and enlisted his aid in acquiring the property. Childress was present in Jensen's office at the time of the telephone call and advised Jensen that he knew all about the property. After Bass, Childress and Jensen had inspected the property, Bass and Jensen conferred with the appellant and were informed that the property was then under option to a third party and that he would be interested in selling said property in the event the option was not exercised. It appears that Jensen and Childress had no further connection with the disposal of the property by the appellant.

It appears that Ray Bass was a patient of the appellant, who was a Chiropractor, and during the early part of 1965 was receiving periodic treatments and while in his office he asked him about the property. On one of Bass's visits to the appellant's office he was informed that the option on the property had expired and he was then free to dispose of the property. Thereafter, Bass and the appellant entered into negotiations for the sale of the property. As a result of these negotiations Bass and the appellant entered into a contract of purchase and sale which was conditioned upon

Bass being able to secure financing for the construction of a building upon the lot to be purchased and in the event he could not obtain the necessary financing for the erection of a drive-in restaurant upon the lot, the contract would be cancelled. It is undisputed that Bass was unsuccessful in his efforts to secure the financing necessary for the construction of the drive-in restaurant. Bass testified it was necessary for him to have the written contract in order to attempt to secure financing. This was confirmed by the appellant who testified that he executed and delivered the contract so that Bass could attempt to secure financing of the proposed building and in the event that he could not secure the financing of the said building, the contract would be cancelled.

It is the position of the respondents that when the appellant executed the bond for title or contract to sell the lot in question to Bass such constituted a sale and rendered the appellant liable to the respondents for a sales commission. The appellant contends that, regardless of the execution of the bond for title or contract of sale to Bass that such was delivered conditionally and the effectiveness thereof depended upon the condition that Bass was able to secure adequate financing for the construction of a drive-in restaurant upon the said property. Admittedly, Bass was unable to secure the financing and fulfill the condition upon which the bond for title or contract of sale was executed and delivered. The evidence in this case is conclusive that the entire transaction was conditional and the delivery of the bond for title or contract was so understood by the parties thereto.

It has been soundly held that a bond for title is but an agreement to make title in the future upon the performance of certain conditions, such being an executory or incomplete sale. *White v. Stokes,* 67 Ark. 184, 53 S. W. 1060; *Ingram v. Smith,* 62 Ga. App. 335, 7 S. E. (2d) 922. A bond for title is not distinguishable in its ordinary operation and effect from a simple agreement for the same purpose.

The law has always recognized conditional deliveries of papers, especially those affecting real estate transactions, as in this case, and it has invariably been held that the intention of the parties controlled as to whether delivery was absolute or conditional. *Alexander v. Kerhulas,* 151 S. C. 354, 149 S. E. 12; *Epps v. King,* 238 S. C. 75, 119 S. E. (2d) 229.

A broker and owner of property may make such a contract for the broker's services as is agreeable to them, and may make the payment of the broker's commissions dependent upon the full performance of the contract of purchase or sale or postpone the payment of the commission, or make the broker's right thereto, contingent upon the happening of a future event. Jensen testified that he did not expect "a real estate commission unless the transaction is completed." Promises to pay a broker's commissions for selling real estate have been held to be conditional when expressed to be performed "when the sale is completed". *Hamrick v. Cooper River Lumber Co.,* 223 S. C. 119, 74 S. E. (2d) 575.

The respondents contend that Bass was a buyer ready, willing and able to purchase the property in question from the appellant. They argue that when the bond for title or contract heretofore referred to was executed, such constituted a completed transaction and was a sale of the property in question. We will assume that Bass was the buyer produced by the respondents. He was ready to purchase the property in question provided he could secure adequate financing for the construction of a drive-in restaurant upon said property. It was upon this express condition that he was willing to purchase. The bond for title or contract was so conditioned. We do not agree with the respondents' contention that by the execution of the bond for title or contract that a sale was made. The bond for title or contract did not constitute a sale as a matter of law. The foundation of respondents' claim to commissions is that a sale had been made to the buyer produced by them.

506

It is clearly shown by the testimony that the bond for title or contract did not constitute a binding contract of sale but was one on condition. Such being true, the respondents were not entitled to recover commissions for a sale. The trial judge was, of course, in error in instructing the jury that what was done in this case constituted a sale. Instead of so holding, he should have ruled that no sale had been brought about by the respondents. He should have directed a verdict for the appellant and he erred in not so doing.

The judgment of the lower court is reversed and this case remanded thereto with directions that a verdict be entered for the appellant.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.