## 19525

The STATE, Respondent, v. Daisy HALL, Appellant.

(193 S. E. (2d) 269)

*Messrs. J. Roy Berry,* of Johnston, and *George H. Grant,* of Aiken, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmett H. Clair* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and *Leonard A. Williamson, Sol.* and *C. Lavaun Fox, Asst. Sol.,* of Aiken, *for Respondent,*

December 4, 1972.

LEWIS, Justice:

Appellant, notwithstanding her plea of self-defense, was convicted of manslaughter under an indictment charging her with the murder of her husband, and received a sentence of ten (10) years. She charges in this appeal that the lower court erred (1) in refusing her motion for a directed verdict of not guilty and (2) in rulings relative to the introduction in evidence of a complaint in an action for divorce brought by her against the deceased.

Appellant moved at the close of the State's case for a directed verdict of not guilty on the charge of murder on the ground that there was no proof of malice. The foregoing motion was renewed at the conclusion of all of the testimony, and, additionally, appellant moved for a directed

.verdict as to all charges contained in the indictment upon the ground that her plea of self-defense had been conclusively established by the evidence. These motions were refused and the charges of murder and the lesser included offense of manslaughter were submitted to the jury, along with appellant's plea of self-defense.

The charges of error in the refusal of the motions for a directed verdict are, therefore, two-fold. First, it is urged that a directed verdict should have been granted as to all charges because appellant acted in self-defense; and, second, that in any event, a directed verdict should have been granted as to the charge of murder because of the absence of any proof of malice.

All of the several grounds relied upon by appellant to sustain her position that a directed verdict of not guilty should have been granted, are based upon the premise that the evidence conclusively established her plea of self-defense. Therefore, if the testimony presented a factual issue as to whether appellant killed her husband in self-defense, the motions for a directed verdict were properly denied.

There is testimony from which the inferences may be reasonably drawn that appellant and her husband had been having marital difficulties due to the husband's involvement with another woman, that on the occasion in question appellant followed her husband to the other woman's home where the husband was visiting, called the husband into the street, and shot him with a pistol which she carried to the scene in her pocketbook. It is true that all witnesses agreed that immediately prior to the shooting the husband was advancing toward appellant. There was also testimony however that the husband had no weapon and that his arms and hands were by his side. Witnesses also testified that, as the husband advanced toward appellant, she told him: "Don't come any closer"; and that he immediately stopped. When he stopped, appellant shot him twice.

Further review of the testimony is unnecessary. While there was testimony which, if believed, would have warranted the conclusion that appellant acted in self-defense, the foregoing facts and circumstances required the submission of that issue to the jury for determination. The inference from the testimony that appellant, armed with a pistol, followed her husband to the home of the other woman and called him into the street where the difficulty occurred raised an issue as to whether appellant was without fault in bringing on the immediate difficulty. Testimony that the husband stopped when appellant ordered him to come no closer raised serious question as to the necessity for appellant to kill him.

We are convinced that the trial judge properly submitted all issues to the jury for determination.

On cross examination of appellant she was questioned concerning certain allegations of the complaint in a divorce action which she brought against her husband in July 1971. She admitted having brought the action and having verified the complaint. Apparently the cross examination was intended to show inconsistencies between her testimony at the trial and sworn allegations of her complaint in the divorce action. When she was asked to read paragraph 4 of the complaint, in which physical cruelty was alleged as the ground for divorce, counsel for appellant objected on the ground that the complaint was "something her attorney prepared for her." The court overruled the objection, requiring appellant to read the requested paragraph. Counsel for appellant then insisted that, if she was going to be required to read a part, "we want her to read the entire complaint and not excerpts from it." To this, the court responded that appellant's counsel on re-direct examination could have her read the balance of the complaint and indicated that, if later offered by appellant, the entire complaint could be introduced.

Subsequently, on redirect examination of appellant by her counsel, she was permitted to read paragraph 5 of the com-

plaint to the jury, but the court refused to permit her counsel to introduce the entire complaint. Thereafter, no examination of appellant was attempted as to any other allegation to the complaint although, under the ruling of the court, such examination could have been made as to any other relevant portion.

It is contended that the trial judge erred (1) in permitting cross-examination of appellant with reference to the allegations of the complaint in the divorce action, and (2) in refusing to allow the introduction in evidence of the entire complaint after cross-examination had been permitted as to portions thereof. We find no merit in either contention.

After the court overruled appellant's objection to cross-examination relative to the complaint in the divorce action, appellant's counsel proceeded, without reservation of objection, to further examine appellant about the allegedly objectionable matter and to have her read additional portions of the complaint. If there was error, it was waived by the redirect examination of appellant about the same matter. *State v. Smith,* 220 S. C. 224, 67 S. E. (2d) 82. *State v. Lee,* 255 S. C. 309, 178 S. E. (2d) 652.

The refusal of the trial judge to allow the introduction of the entire complaint could not have resulted in any prejudice to appellant, for counsel was permitted to examine the witness as to any relevant portions thereof. Apparently the trial judge, in refusing to allow introduction of the entire complaint, was attempting to confine the testimony to those portions which were relevant to the issues. This was proper. The mere fact that cross-examination of appellant had been permitted as to certain allegations of the complaint did not give appellant the right to introduce the remaining portion regardless of its relevancy.

Judgment affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.