20365

THOMAS-McCAIN, INC., Respondent, v. William Bartlett SITER, Appellant.

(232 S. E. (2d) 728)

*Messrs. Dusenbury, Hendrix & Little,* of Myrtle Beach, and *Allen L. Ray,* of Conway, *for Appellant,*

*Messrs. Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* of Myrtle Beach, *for Respondent,*

February 22, 1977.

RHODES, Justice:

This action was brought by Thomas-McCain, Inc. (Broker), a real estate firm located in Myrtle Beach, to recover a commission of $9,490.00. The commission sought allegedly was earned by procuring one Charles Dean Phillips (Purchaser) to enter into an agreement to buy a motel from William Bartlett Siter (Seller) for the consideration of $383,000.00. From a verdict in favor of the Broker, the Seller appeals. We affirm.

The property in question was listed with the Broker by the Seller, and it is undisputed that the Seller and the Pur-

chaser were brought together through the efforts of the Broker. The Broker contends that its services were fully performed and that its right to the commission vested when the Seller accepted the Purchaser and entered into a valid and binding contract of sale.· The Seller maintains that under the terms of the contract the Broker was not to receive any compensation until the consummation of the sale.

The contract of sale provided that most of the consideration for the purchase of the motel was to be in the form of the Purchaser's assumption of outstanding mortgages on the property. The contract further provided that the sale would be closed on May 29, 1975. However, the sale was never consummated.

The Seller bases his contention on the following contract provision:

". . . and the undersigned will pay to the listing broker *on or settlement* the sum of Nine Thousand Four Ninety [sic] and no/100 Dollars ($9,490.00) . . ." [emphasis added]

The Broker relies upon the general rule that ordinarily a broker has earned his commission when he procures a purchaser who is accepted by the owner of the property and with whom the latter, uninfluenced by any representation or fraud on the part of the broker, enters into a valid and enforceable contract, and that such right to compensation will not be defeated by the failure or refusal of the purchaser to consummate the contract. This rule is adhered to by the overwhelming majority of jurisdictions. *Hamrick v. Cooper River Lumber Co.,* 223 S. C. 119, 74 S. E. (2d) 575 (1953). It was recognized by this Court in *Fairly v. Wappoo Mills,* 44 S. C. 227, 22 S. E. 108 (1895). The law is equally well settled to the following effect:

[T]he broker and owner "may make such a contract for the broker's services as is agreeable to them, and may make the payment of the broker's commission dependent upon the

full performance of the contract of purchase or sale, or postpone the payment of the commission, or make the broker's right to the commission contingent upon the happening of future events". [citation omitted] . . . "Where the obligation of the principal to pay commissions depends upon the performance of conditions precedent, the broker takes the risk of nonperformance on the part of the customer . . . '[A] broker may bind himself not to demand payment unless the contract is actually carried out. . . . Such agreements are lawful and proper, and not unusual.' " *Hamrick v. Cooper River Lumber Co., supra,* 74 S. E. (2d) at 577.

In *Hamrick,* the contract of sale provided that "[s]ettlement is to be made not before April 1, 1947 or after April 15, 1947, upon the delivery of a good and marketable title to the property above described." The contract further stated that "[t]he Seller agrees to pay George H. Hamrick a commission of ten (10%) per cent on date of settlement." The intended purchaser deliberately defaulted, thereby preventing a consummation of the agreement. The Court held that the language used in the contract of sale (as set forth above) made the seller's liability for the commission contingent upon the payment of the purchase price and the closing of the transaction. In short, the Court held that the particular wording of the contract created a condition precedent to the payment of the broker's commission and that since there had been no closing of the sale, the broker was not entitled to receive his commission.

The purpose of all rules of contract construction is to ascertain the intention of the parties to the contract. Where the agreement in question is a written contract, the parties' intention must be gathered from the contents of the entire agreement and not from any particular clause thereof. *Bruce v. Blalock,* 241 S. C. 155, 127 S. E. (2d) 439 (1962). In the case at bar, the entire provision of the contract of sale relating to the Broker's commission reads as follows:

"The undersigned jointly and severally agree to sell the within described property to the above named purchaser on the terms and conditions stated in this contract and further jointly and severally agree that the within named listing broker *has earned his commission, said earned commission shall be a lien on the above described property,* and the undersigned will pay to the listing broker on or [word 'before' stricken here] settlement the sum of Nine Thousand Four Ninety [sic] and no/100 Dollars ($9,490.00), or, in the event of default, the undersigned authorizes the escrow agent to pay to the listing broker one-half of the deposit or the full amount of the commission, whichever is the lesser." [emphasis added]

The Seller contends that the language used in the contract of sale created a condition precedent to the payment of the real estate commission. The Broker's position is that striking the word "before" from the contract of sale was immaterial. The Broker argues that regardless of whether the word "before" remained in the contract or was deleted, the effect of the wording of the whole provision was that the commission was earned when the contract was signed and that "on or before settlement" related only to the time for payment and did not create a condition precedent to payment as it did in *Hamrick*.

Our decision is governed by the rule expressed generally as follows:

The right of a broker to compensation accrues on completion of negotiations and on a meeting of the minds of the principal and the customer procured by the broker; but, unless provided otherwise in the contract of employment, it is not dependent on the final consummation of the transaction or the performance of the agreement entered into between the principal and the customer. 12 C. J. S. Brokers § 84.

In the instant case, the Seller did not have the contract provision changed to read "in the event of settlement", "only

if the sale is closed", or words of similar import. Rather, the Seller had the provision changed by the deletion of "before" with the attendant result that nothing more was affected than the time the commission should be paid. From a reading of all the provisions of the contract of sale relative to the Broker's commission, we reach the following conclusions: First, the contract plainly states that the Broker has *earned* its commission; Second, the contract calls for the payment of the commission even in the event of default (if the commission is less than the deposit); and, Third, it is clear from the terms of the contract that there were no further obligations to be performed by the Broker. This case is distinguishable from *Hamrick v. Cooper River Lumber Co., supra,* in that here the contested provision of the contract merely intended to fix a date when the commission, already earned, should be paid, and not to create a condition precedent to payment. Therefore, it follows that the trial judge did not err in refusing the Seller's motion for an involuntary nonsuit.

Furthermore, there was no error in the court's refusal to grant the Seller's motion for a new trial. Nowhere in the record did counsel for the Seller state any separate grounds for a new trial. The only motion made by the Seller after the verdict was published was for judgment *n.o.v.* or in the alternative, for a new trial on the ground that the verdict was not supported by the evidence. Having hereinabove ruled on the question of the sufficiency of the evidence, this exception is deemed without merit and is overruled.

The third question raised by the Seller complains of a portion of the charge given by the trial judge. The rule is clear that if there is any error in the court's charge, it should be called to the attention of the judge at the conclusion of the charge in the absence of the jury. A party who fails to call the attention of the court to the objection at that time cannot later complain. *Van Dolson v. Earles,* 234 S. C. 593, 109 S. E. (2d) 456 (1959). The Seller

failed to comply with this rule and his exception is, therefore, clearly unmeritorious.

The final question raised by the Seller is an allegation of error on the part of the trial court in allowing testimony relative to that portion of the contract of sale to the effect that the Purchaser would assume the existing mortgage indebtedness on the motel. A review of the record reveals that counsel for the Seller initially objected to this line of testimony on redirect examination of the Purchaser but that counsel failed to reserve his objection when he commenced recross examination of the Purchaser about the same subject matter. Failure to reserve an objection in this manner amounts to a waiver of any error. *State v. Hall,* 259 S. C. 529, 193 S. E. (2d) 269 (1972). The exception is overruled.

The judgment appealed from is

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.