21444

DANTZLER REAL ESTATE, INC., Respondent, v. Frank BOLAND and Grace Boland, Appellants.

(277 S. E. (2d) 705)

*C. Rauch Wise,* Greenwood, *for appellants.*

*John Michael Jordan* of *Burns, McDonald, Bradford, Erwin & Patrick,* Greenwood, *for respondent.*

April 29, 1981.

LEWIS, Chief Justice:

This appeal is from an order granting summary judgment to respondent for a commission fee in connection with the sale of appellants' house. We affirm.

On October 11, 1977, respondent and appellants entered into an "Exclusive Sales Agency Contract" under which respondent was given the exclusive listing or right for a period of one hundred twenty (120) days "to sell" appellants' house. A provision in the listing contract entitled respondent to its commission at the agreed rate if the property was "sold" to a purchaser submitted by respondent within ninety (90) days after the expiration of the exclusive listing period.

During the exclusive listing period, respondent procured a purchaser, a Mrs. Graham, who entered into a contract of sale with appellants. This sale was contingent upon Mrs. Graham being able to procure a purchaser for property then owned by her "near Laurens County." The sale of the Laurens property did not materialize and the sale to Mrs. Graham was not consummated.

However, on February 13, 1978, within the ninety (90) day extension period of the exclusive listing contract, and without the knowledge of respondent, appellants entered into

another contract with Mrs. Graham for the sale of the property to be completed within ninety (90) days or by May 13, 1978. The sale of the land of Mrs. Graham "near Laurens County" was not made a condition of this last sales agreement. While the sale was to be completed by May 13, 1978, it was not finalized and the deed delivered until July 7, 1978; but there is no contention that the delay in delivery of the deed was for the purpose of avoiding the ninety (90) day extension period.

Upon completion of the sale, appellants refused to pay a commission to respondent under the listing agreement, and this action was instituted by respondent to recover the commission allegedly due. After discovery proceedings, both parties moved for summary judgment; that of respondent was granted.

The record shows that, although a binding contract for the sale of the property was entered into between appellants and a purchaser procured by respondent, within the effective period of the "Exclusive Sales Agency Contract," the sale was not completed and a deed delivered until July 7, 1978, after the agency contract had expired. The sole question to be decided is whether the binding sales contract, entered into between appellants and the purchaser procured by respondent, constituted a *sale* of the property within the meaning of the agency contract. We conclude that it did.

The principle announced in *Fairly v. Wappoo Mills,* 44 S. C. 227, 22 S. E. 108, and reaffirmed in *Hamrick v. Cooper River Lumber Company,* 223 S. C. 119, 74 S. E. (2d) 575 and *Thomas McCain, Inc. v. Siter,* 268 S. C. 193, 232 S. E. (2d) 728 is dispositive of the issue in this appeal. It was thus stated in *Thomas-McCain*:

. . . ordinarily a broker has earned his commission when he procures a purchaser who is accepted by the owner of the property and with whom the latter, uninfluenced by any representation or fraud on the part of the broker, enters into

a valid and enforceable contract, and that such right will not be defeated by the failure or refusal of the purchaser to consummate the contract.

This principle finds general acceptance: See Anno. 51 A. L. R. (3d) 1149, entitled "Brokers' fees-Sales after listing"; Restatement of Agency (2d), Section 445 (Comment "e"); 12 Am. Jur. (2d), Brokers, Section 226; 39 Words and Phrases 574.

The mere fact that the sales agreement between appellants and the purchaser was entered into without the knowledge of respondent does not defeat the rights of respondent to its commission on the sale. *Hutson v. Stone,* 119 S. C. 259, 112 S. E. 39.

Under the foregoing principles and the undisputed facts, the lower court properly held that respondent was entitled to the commission agreed upon.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.