611 S.E.2d 485

HELMS REALTY, INC., Appellant,

v.

GIBSON–WALL COMPANY, a South Carolina Partnership,
and Canal Industries, Inc., Defendants,

Of Which Gibson–Wall Company, a South
Carolina Partnership, is Respondent.

No. 25947.

Supreme Court of South Carolina.

Heard Feb. 1, 2005.

Decided Feb. 22, 2005.

336

J. Matthew Dove, of Dove Law Firm, of Murrells Inlet, for Appellant.

William Jerad Rissler and J. Christopher Clark, both of Nelson Mullins Riley & Scarborough, of Myrtle Beach, for Respondent.

Justice PLEICONES:

This is a breach-of-contract case. Appellant Helms Realty, Inc. (Appellant) appeals from a jury verdict in favor of Respondent Gibson–Wall Company (Respondent). We certified the case pursuant to Rule 204(b), SCACR. We affirm.

## FACTS

Appellant and Respondent orally executed a listing agreement (the Listing Agreement) pursuant to which Appellant was to find a buyer of certain property owned by Respondent. Respondent claims that an express term of the Listing Agreement was that closing of a sale was a condition precedent to Respondent's obligation to pay a commission to Appellant. Appellant claims that the agreement contained no express term concerning what triggered the right to a commission.

Eventually, Appellant found a potential buyer (the Buyer). Respondent and the Buyer fully negotiated and executed a written contract for the sale and purchase of the property (the Sales Contract). The Sales Contract contained a condition precedent to the Buyer's obligation to close on the property. The Sales Contract also contained a term that the contract would expire if the condition remained unsatisfied on a certain date.

At trial, Respondent argued that through no fault of its own, the condition was never satisfied and that the Sales Contract had expired. According to Respondent, Appellant earned no commission because the Sales Contract never closed.

Appellant countered that it earned its commission when Respondent and the Buyer executed the Sales Contract, regardless whether they closed.

The jury found for Respondent.

## ISSUES

I. Whether the circuit court erred by denying Appellant's motion for judgment notwithstanding the verdict (JNOV).

II. Whether the circuit court erred in charging the jury.

III. Whether the circuit court erred by granting Respondent's motion for summary judgment on Appellant's third-party-beneficiary claim.

## ANALYSIS

### I. APPELLANT'S MOTION FOR JNOV

Appellant argues that the circuit court erred by denying Appellant's motion for JNOV. We disagree.

A trial court should grant JNOV when the evidence is insufficient to support the verdict. *Jinks v. Richland County*, 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003). "In ruling on motions for directed verdict and JNOV, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions and to deny the motions where either the evidence yields more than one inference or its inference is in doubt." *Id.* (quoting *Strange v. S.C. Dept. of Hwys. and Pub. Transp.*, 314 S.C. 427, 429–30, 445 S.E.2d 439, 440 (1994)).

Appellant argues that it earned its commission as a matter of law when Respondent and the Buyer executed the Sales Contract, even though the Buyer's performance was conditional. Appellant's interpretation of the law is incorrect.

In executing a listing agreement, a seller and a real-estate broker may agree to any condition precedent to the seller's obligation to pay a commission. *Thomas–McCain, Inc. v. Siter*, 268 S.C. 193, 196–97, 232 S.E.2d 728, 729 (1977); *Hamrick v. Cooper River Lumber Co.*, 223 S.C. 119, 124, 74 S.E.2d 575, 577 (1953). If the listing agreement is silent as to what triggers the broker's right to a commission, then the common law fills the gap. The default term is that the broker is entitled to a commission when it procures a sales contract that is both valid and enforceable by the seller, regardless whether the contract actually closes. *Dantzler Real Estate, Inc. v. Boland*, 276 S.C. 275, 277–78, 277 S.E.2d 705, 706 (1981); *Cass Co. v. Nannarello*, 274 S.C. 326, 328, 262 S.E.2d 924, 926 (1980); *Thomas–McCain, Inc.*, 268 S.C. at 196, 232 S.E.2d at 729; *Hamrick*, 223 S.C. at 123–24, 74 S.E.2d at 577; *Fairly v. Wappoo Mills*, 44 S.C. 227, 237–38, 22 S.E. 108, 112 (1895).

If the listing agreement is silent as to the point in time at which the broker becomes entitled to a commission, and the sales contract contains a condition precedent to the buyer's performance, then the broker is not entitled to a commission until the condition is satisfied. Only then is the sales contract enforceable by the seller.[1] *See Champion v. Whaley*, 280 S.C.

---

1. Respondent relies on *Wahl v. Hutto*, 249 S.C. 500, 155 S.E.2d 1 (1967), for this principle. *Wahl* is not implicated, because it involved a condition precedent to the formation of a contract, not its performance.

116, 119, 311 S.E.2d 404, 406 (Ct.App.1984) (involving a listing agreement with an express term having the same effect as that of the default term); *see also* Catherine M.A. Mc Cauliff, *Corbin on Contracts* vol. 8, § 30.9, 18–19 (Rev. ed., LEXIS 1999) (explaining that a condition precedent to performance generally affects a contract's enforceability, not its validity). In that situation, effectively, the condition precedent to the buyer's performance under the sales contract is also a condition precedent to the seller's performance under the listing agreement.

▮ In this case, the jury had to determine whether it believed Respondent or Appellant regarding the disputed term of the oral Listing Agreement. If the jury believed Respondent, then closing was the condition precedent to Respondent's obligation to pay a commission. If the jury believed Appellant, then satisfaction of the condition in the Sales Contract was the condition precedent to Respondent's obligation. Thus, without regard to which version of the Listing Agreement the jury believed, Appellant was not entitled to JNOV.[2]

## II. THE JURY CHARGE

▮ Appellant asserts that it is entitled to a new trial because the circuit court's jury charge was improper. The jury charge is not in the Record on Appeal, and Appellant had the burden of providing a sufficient record. *See Germain v. Nichol*, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) (holding that the appealing party has the burden of providing a sufficient record). We therefore decline to address the merits of Appellant's claim. *See* Rule 210(h), SCACR; *see also State v. Knighton*, 334 S.C. 125, 136, 512 S.E.2d 117, 123 (Ct.App.1999) (refusing to review a jury charge not in the record); *Hobgood*

---

2. At trial, there was an issue whether Respondent wrongfully prevented satisfaction of the condition precedent to its performance under the Listing Agreement, whatever that condition was. A party that wrongfully prevents satisfaction of a condition precedent to its performance is not excused from performing. *Hubbard v. Woodmen of the World*, 125 S.C. 154, 156, 118 S.E. 418, 419 (1923); *Chambers v. Pingree*, 351 S.C. 442, 451, 570 S.E.2d 528, 532–33 (Ct.App.2002), *cert. denied*, 2003–OR–01141 (S.C.Sup.Ct. Dec. 17, 2003); *Champion*, 280 S.C. at 120, 311 S.E.2d at 406. There was conflicting evidence, and Appellant did not base its JNOV motion on this issue.

*v. Pennington,* 300 S.C. 309, 314, 387 S.E.2d 690, 693 (Ct.App. 1989) (same); *Dennis v. S.C. Nat'l Bank,* 299 S.C. 34, 41, 382 S.E.2d 237, 240 (Ct.App.1988) (same); *Scruggs v. Quality Elec. Servs., Inc.,* 282 S.C. 542, 545, 320 S.E.2d 49, 51 (Ct.App. 1984) (same).

### III.   APPELLANT'S THIRD-PARTY-BENEFICIARY CLAIM

Before trial, Appellant argued that it was a third-party beneficiary of the Sales Contract. Respondent moved for summary judgment that Appellant could not proceed as a third-party beneficiary. Appellant argues that the circuit court erred by granting Respondent's motion. We disagree.

In reviewing an order of summary judgment, an appellate court applies the same standard as that which the circuit court applied in determining whether to enter the order. *Osborne v. Adams,* 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "In determining whether any triable issues of fact exist, the evidence and all reasonable inferences there-from must be viewed in the light most favorable to the non-moving party." *Osborne,* 346 S.C. at 7, 550 S.E.2d at 321.

Appellant was not a third-party beneficiary of the Sales Contract. A third-party beneficiary is a party that the contracting parties intend to directly benefit. *Touchberry v. City of Florence,* 295 S.C. 47, 48–49, 367 S.E.2d 149, 150 (1988). There is no evidence that Respondent and the Buyer intended to directly benefit Appellant. Appellant's expected benefit was merely incidental. The circuit court properly granted Respondent's motion for summary judgment.

### CONCLUSION

The denial of Appellant's motion for JNOV was proper, and the Record is insufficient for the Court to review the allegedly improper jury charge. Further, the circuit court did not err by granting Respondent's motion for summary judgment on

Appellant's third-party-beneficiary claim. The verdict for Respondent is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.