THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals 

 
 
 
 
 Charles A.
 Lachenbruch and Normotherm, LLC, a South Carolina Limited Liability Company, Appellants/Respondents,
 
 
 
 
 

v.

 
 
 
 
 Richard I.
 Barnett, Respondent/Appellant.
 
 
 Charles A.
 Lachenbruch and Normotherm, LLC, a South Carolina Limited Liability Company, Appellants/Respondents,
 
 
 
 
 

v.

 
 
 
 
 Judy C.
 Barnett, Defendant,
 
 
 and
 TranScience, LLC Respondent/Appellant.
 
 
 
 
 

Appeal From Georgetown County
Alexander S. Macaulay, Circuit Court
Judge

Unpublished Opinion No. 2010-UP-526
 Heard September 15, 2010  Filed December
13, 2010

AFFIRMED

 
 
 
 M. Dawes Cooke, Jr. and K. Michael
 Barfield, both of Charleston; for Appellants/Respondents.
 J. Edward Bell, III and Vanessa A.
 Richardson, both of Georgetown; for Respondent/Appellant.
 
 
 

PER CURIAM: This case is decided pursuant to Rule
 220(b), SCACR.  Charles Lachenbruch and Normotherm, LLC initially appealed an
 order granting a directed verdict as to several of their claims against
 Respondents Richard Barnett and Judy Barnett.  During oral argument Appellants
 abandoned their appeal against Respondent Richard Barnett and pursued claims
 only against Judy Barnett.  Richard and Judy Barnett cross-appeal the trial
 courts denial of their motion for a new trial.  We affirm.
1. Appellants
 contend the trial court erred in granting a directed verdict on their
 fraudulent conveyance claim against Judy Barnett.  At oral argument, Appellants
 stated that the success of this claim was "wrapped up in" the success
 of their claim for constructive trust.  However, Appellants concede that their
 constructive trust claim is not preserved for our review because they failed to
 indicate in the record that the issue was raised and ruled on by the trial
 court.  See S.C. Dept. of
 Transp. v. First Carolina Corp. of S.C.,
 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (holding that an issue must be
 raised and ruled upon by the trial court in order to preserve the issue for
 appellate review); see also Helms Realty, Inc. v. Gibson-Wall Co.,
 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (holding that Appellant has
 the burden of presenting a sufficient record to allow review); Rule 210(h),
 SCACR ("[T]he appellate court will not consider any fact which does not
 appear in the Record on Appeal.").  Thus, we affirm as to both of these claims. 
2. Appellants
 contend the trial court erred in granting a directed verdict on their civil
 conspiracy claim against Judy Barnett.  A plaintiff must demonstrate all three
 elements of civil conspiracy in order to maintain a claim.  Pye v. Estate of
 Fox, 369 S.C. 555, 566-68, 633 S.E.2d 505, 511-12 (2006) (listing the elements of civil conspiracy as 1) the combination of two or more people; 2) for the
 purpose of injuring the plaintiff;  3) which causes special damages).  Appellants presented no evidence of
 special damages.  Because the Appellants failed to present evidence of an
 element of this claim, the trial judge did not err in directing a verdict.
3. On
 cross-appeal, Richard and Judy Barnett contend that the trial court erred in
 denying their motion for a new trial.  We hold that the trial court acted
 within its discretion in denying the motion.  Swicegood v. Lott, 379
 S.C. 346, 355-56, 665 S.E.2d 211, 216 (Ct. App. 2008) ("The grant or denial of new trial motions
 rests within the discretion of the circuit court, and its decision will not be
 disturbed on appeal unless its findings are wholly unsupported by the evidence,
 or the conclusions reached are controlled by error of law."). 
AFFIRMED.
FEW, C.J., HUFF and
 GEATHERS, JJ., concur.