**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Jones, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2013-002231

Appeal From The Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

Unpublished Opinion No. 2015-UP-053
Submitted December 1, 2014 – Filed January 28, 2015

**AFFIRMED**

Michael Jones, pro se.

Christopher D. Florian and Daniel John Crooks, III, both of the South Carolina Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Michael Jones, an inmate incarcerated with the South Carolina Department of Corrections (SCDC), appeals the Administrative Law Court's (ALC's) dismissal of his appeal from a prison disciplinary conviction for possession of a cell phone, arguing he was not afforded due process in his

disciplinary hearing because he was not allowed to call a witness and because his written confession, which he denied writing, was used at the hearing. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether SCDC prevented Jones from calling a witness: *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *Al-Shabazz v. State*, 338 S.C. 354, 371, 527 S.E.2d 742, 751 (2000) ("[D]ue process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial." (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974))).

2. As to whether the reference to Jones's alleged confession violated his due process rights: *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the [r]ecord on [a]ppeal."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (noting the appellant has the burden of establishing a sufficient record and declining to address the merits of a claim when the facts underlying the claim are not included in the record).

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.