**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Thompson, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2013-002712

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2015-UP-085
Submitted December 1, 2014 – Filed February 25, 2015

———————

**AFFIRMED**

———————

Thomas Thompson, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:**  Thomas Thompson appeals the order of the Administrative Law Court (ALC) affirming the denial of his parole and dismissing his appeal with prejudice, arguing (1) the ALC erred in dismissing his appeal and (2) that by

denying him parole, the Parole Board violated his rights to equal protection and to be free from cruel and unusual punishment. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the ALC erred in summarily dismissing Thompson's appeal with prejudice, we find the summary dismissal did not violate Thompson's due process and judicial review rights. *See Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) ("[T]he Parole Board may avoid [reversal] if it clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Carolina Code (Supp. 2013)] and the fifteen factors published in its parole form. If the Board complies with this procedure, the decision will constitute a routine denial of parole and the ALC would have limited authority to review the decision to determine whether the Board followed proper procedure. Under that scenario, the ALC can summarily dismiss the inmate's appeal.").

2. As to whether the Parole Board violated Thompson's rights to equal protection and to be free from cruel and unusual punishment by denying him parole, we find this issue unpreserved because the ALC did not rule on it and the insufficient record on appeal does not allow this court to determine whether it was raised to the ALC. *See Brown v. S.C. Dep't of Health & Envtl. Control,* 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (noting the appellant has the burden of establishing a sufficient record and declining to address the merits of an issue where the facts underlying the claim were not included in the record).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.