**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald Tate, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2014-001047

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2016-UP-269
Submitted April 1, 2016 – Filed June 8, 2016

**AFFIRMED**

Ronald Tate, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Ronald Tate appeals the order of the Administrative Law Court (ALC) affirming the decision of the South Carolina Department of Probation, Parole and Pardon Services (the Department) to deny him parole. Tate argues the ALC erred in finding the Department did not (1) commit ex post facto violations

by applying sections 16-1-60 and 24-21-645(A) of the South Carolina Code (Supp. 2015), (2) commit ex post facto violations by applying section 24-21-640 of the South Carolina Code (Supp. 2015), and (3) deprive Tate of his parole eligibility by failing to hold annual hearings. Tate also argues the cumulative changes in the parole laws violate the Ex Post Facto Clause of the United States and South Carolina Constitutions. We affirm pursuant to Rule 220(b), SCACR, and the following authorities.

1. As to whether the ALC erred in finding the Department did not commit *ex post facto* violations by applying sections 16-1-60 and 24-21-645(A): *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *Barton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 404 S.C. 395, 403, 745 S.E.2d 110, 114 (2013) ("A measure is an *ex post facto* law when it retroactively alters the definition of a crime or increases the punishment for a crime." (citing *Jernigan v. State*, 340 S.C. 256, 261, 531 S.E.2d 507, 509 (2000))); *id.* ("The relevant inquiry regarding an increase in punishment is whether a legislative amendment 'produces a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" (quoting *Jernigan*, 340 S.C. at 261, 531 S.E.2d at 509)); *id.* (stating an ex post facto violation does not occur when "the amendment produces only a '*speculative and attenuated possibility*' of increasing an inmate's punishment" (emphasis added) (quoting *Jernigan*, 340 S.C. at 261, 531 S.E.2d at 509)).

2. As to whether the ALC erred in finding the Department did not commit *ex post facto* violations by applying section 24-21-640: *Sanders*, 379 S.C. at 417, 665 S.E.2d at 234 ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached."); *Barton*, 404 S.C. at 403, 745 S.E.2d at 114 ("A measure is an *ex post facto* law when it retroactively alters the definition of a crime or increases the punishment for a crime." (citing *Jernigan*, 340 S.C. at 261, 531 S.E.2d at 509)); *id.* ("The relevant inquiry regarding an increase in punishment is whether a legislative amendment 'produces a sufficient risk of increasing the

measure of punishment attached to the covered crimes.'" (quoting *Jernigan*, 340 S.C. at 261, 531 S.E.2d at 509)); *id.* ("Furthermore, a change in law that merely affects a mode of procedure, but does not alter substantial personal rights is not *ex post facto*." (citing *State v. Huiett*, 302 S.C. 169, 172, 394 S.E.2d 486, 487 (1990))); *Huiett*, 302 S.C. at 171-72, 394 S.E.2d at 487 ("Even though a procedural change may have a detrimental impact on a defendant, a mere procedural change which does not affect substantial rights is not *ex post facto*.").

3.  As to whether the ALC erred in finding the Department did not deprive Tate of his parole eligibility by failing to hold annual hearings:  *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("[An issue] becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy.  This is true when some event occurs making it impossible for [the] reviewing [c]ourt to grant effectual relief.").

4.  As to whether the cumulative changes in the parole laws violate the Ex Post Facto Clause:  *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 460 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (stating the appellant has the burden of establishing a sufficient record on appeal).

**AFFIRMED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.