1206

AMERICAN FEDERAL BANK, F.S.B., Appellant v. Ray A. WHITE, Respondent.

(370 S. E. (2d) 923)

Court of Appeals

*Adam Fisher, Jr.,* and *Richard J. Chiariello,* of *Fisher & Chiariello,* Greenville, *for appellant.*

*Richard Vance Davis,* of *Culbertson, Christian & Moorhead,* Greenville, *for respondent.*

Heard April 19, 1988.

Decided Aug. 1, 1988.

CURETON, Judge:

This is an action for collection of a deficiency judgment and a counterclaim for breach of warranty. Ray A. White purchased a new 1984 truck from Sherwood Chevrolet Inc. on May 19, 1984. The purchase was made pursuant to a retail installment sale contract which was assigned by Sherwood Chevrolet to American Federal Bank, F.S.B. (American). Under the installment sale contract, White made a downpayment of Three Thousand Two Hundred Dollars ($3,200).

He also paid Five Hundred Eighty-Eight Dollars ($588) for a vehicle service contract. White was to make forty-eight monthly payments of approximately Three Hundred Twenty-Seven Dollars ($327) each beginning July 3, 1984. White made several payments on the truck. He claimed the truck had certain defects which were not adequately repaired by Sherwood Chevrolet. American repossessed the truck in January 1985 and sold it. American instituted this action against White for a deficiency judgment of Two Thousand Eight Hundred Seventy-One and 28/100 Dollars ($2,871.28). White counterclaimed for breach of warranty. The case was tried before a judge who entered a written order denying judgment to American and entering judgment for White in the amount of Four Thousand Five Hundred Ten and 56/100 Dollars ($4,510.56). This amount represents the sum of the downpayment and monthly payments paid by White. American appeals.

## I.

In an action at law tried by a judge without a jury, the jurisdiction of this court extends only to the correction of errors of law and the factual findings of the trial judge will not be disturbed on appeal if there is any evidence to support them. *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The trial judge found White purchased the truck in May 1984. It was undisputed White did not make the November and December 1984 payments nor did he make the January 1985 payment. The truck was repossessed on January 29, 1985, while at Sherwood Chevrolet. At the time of repossession it only had Two Thousand Eight Hundred Eighty-Five (2885) miles on it. The trial judge found the truck was defective on the date of the sale and the seller failed to effectively resolve the defects in the truck. White testified and the court found the transmission failed a few days after purchase and was never properly repaired. Further, the court found the paint on the truck was defective and although White returned the truck to Sherwood on several occasions and the truck was repainted once the paint problem still persisted. The record indicates the truck sold for Nine Thousand Dollars ($9,000) after repossession.

The retail installment sales contract contains two clauses of particular relevance to this case. The language of the provisions is as follows:

> Warranties Seller Disclaims. You understand that the Seller is not offering any warranties and that there are no implied warranties of merchantability, of fitness for a particular purpose, or any other warranties, express or implied by the Seller, covering the vehicle unless the Seller extends a written warranty or service contract within 90 days from the date of this contract.

> NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. (emphasis in original)      ...

White purchased a service contract from Sherwood Chevrolet. The service contract was introduced into evidence at trial, but is not part of the record on appeal. Counsel for White stipulated the service contract did not allow the buyer to stop making payments while the truck was being repaired. White agreed the truck was under the service contract when he stopped making payments. Other than this sparse testimony the appellate record contains little information about the service contract. The trial judge found the seller failed to cure the defects in the truck and this failure to cure breached the express warranty and service contract.

## II.

American argues a prior court order limits the counterclaim of White to breach of implied warranty of fitness for a particular purpose. We do not agree. American filed a motion for summary judgment. In the order disposing of the motion, the court struck one defense asserted by White but determined issues of fact remained on the other defense. The court held "there still remains a material question of fact as to whether or not the [p]laintiff,

as assignee to the seller's contract, breached an implied warranty of fitness as alleged in the [d]efendant's third defense by way of counterclaim." The appellate record contains no excerpts from the summary judgment hearing. The counterclaim does not plead breach of implied warranty of fitness for a particular purpose. The pleading states the "[p]laintiff had breached the warranty given to the [d]efendant that the truck was in good condition." There are no allegations White desired to purchase a truck for a particular purpose or that he relied upon the seller's skill and judgment to furnish appropriate goods. There is a distinction between the concepts of implied warranty of merchantability and implied warranty of fitness for a particular purpose. *See S. C. Code Ann.* Sections 36-2-314 and 36-2-315 (1976). The use of imprecise language in the summary judgment order was unfortunate but we find no basis in this record to support American's contention the summary judgment order limited White's counterclaim to a cause of action not plead by him.

### III.

American argues the trial court erred in finding a breach of the service contract. First, American argues error because the prior summary judgment order limited the counterclaim. We have disposed of this argument in Part II of this opinion. American additionally asserts the written service contract was not breached.[1] American claims the service contract contained a repair provision and whenever White took the truck to Sherwood Chevrolet efforts were made to repair the defects. We previously noted the service contract is not in the record. We have no way to review its terms because the testimony offers no explanation of the respective rights and duties of the parties. In any event, we do not agree with American's general proposition that because the seller repeatedly tries to repair means the seller has fully complied with a service contract. Although a seller may limit the buyer's remedies to repair and replacement of nonconforming goods or parts, the exclusive or

---

[1] American does not argue the service contract between Sherwood and White is inapplicable to it as the assignee of the sales contract.

limited remedy may fail of its essential purpose. Section 36-2-719, Code of Laws of South Carolina, 1976; *Waters v. Massey-Ferguson, Inc.,* 775 F. (2d) 587 (4th Cir. 1985). There is evidence Sherwood never made effective repairs to the transmission or the paint over the course of eight months. Therefore, there is evidence to support the conclusion of the trial judge the service contract was breached.

Since we have determined there is sufficient evidence to support the trial court's conclusion regarding breach of the service contract, it is not necessary for us to consider American's argument regarding the implied warranty of merchantability. Further, we find no merit to American's assignment of error challenging the trial court's failure to grant its motion under S.C.R.Civ.P. 59. We dismiss this issue as manifestly without merit. Section 14-8-250, Code of Laws of South Carolina, 1976 as amended.

## IV.

The trial court denied American's claim for deficiency judgment and awarded White Four Thousand Five Hundred Ten and 56/100 Dollars ($4,510.56) on his counterclaim for breach of warranty. The amount equals the sum of the downpayment and the monthly installments paid by White.

As we read American's exceptions and brief on the damages issue, the bank argues the amount awarded is improper because it should be limited to either the amount of the deficiency sought by the bank or should be offset against an equal award to the bank of the amount of its deficiency. In other words, American asserts the case should either be a "wash" between the parties with the bank and White receiving equal judgments against each other or the judgment for White against the bank should be limited to the amount of Two Thousand Eight Hundred Seventy One and 28/100 Dollars ($2871.28).

The South Carolina Consumer Protection Code addresses the status of an assignee of a seller in a consumer credit sale. The assignee of the seller's rights is subject to the claims and defenses of the consumer against the seller, but the consumer must make a good faith effort to obtain satisfaction from the seller. Further, the claim or defense may be

asserted against the assignee "only to the extent of the amount owing to the assignee with respect to the sale . . . of the property . . . as to which the claim or defense arose at the time the assignee has written notice of the claim or defense." Section 37-2-404, Code of Laws of South Carolina, 1976 as amended.

American does not claim White failed to make a good faith effort to obtain satisfaction from Sherwood. American does assert White failed to give written notice. Although the record establishes oral notice to American during late 1984 or early 1985, the only written notice is the counterclaim. Section 37-2-404(2) states "written notice is any written notification other than notice on a coupon, billing statement or other payment medium or material supplied by the assignee." American has not cited any authority which indicates a pleading cannot serve as written notice under the statute. The counterclaim meets the definition of "written notice" in the statute as it does not fall within any of the noted exceptions.

As assignee of Sherwood Chevrolet, American is subject to the provisions of *S. C. Code Ann.* Section 37-2-404 (1976). The Code section permits White to assert any claim available against Sherwood Chevrolet offensively in a suit against American as well as defensively as an offset or counterclaim in a suit by American to enforce the obligation. *Rosemond v. Campbell,* 288 S. C. 516, 343 S. E. (2d) 641 (Ct. App. 1986).

Section 37-2-404 limits the extent of the defense White may assert against American to the amount owing to American at the time of written notice. The notice in this retail installment contract between White and Sherwood is the same notice considered in *Rosemond.*

The trial court failed to award American the amount of its deficiency judgment. This was error because American proved the deficiency. However, White also presented sufficient evidence to establish a claim or defense to American's suit under Section 37-2-404. Given the timing of the written notice provided by White (*i.e.,* the filing of the answer and counterclaim), he is limited under Section 37-2-404 to a similar recovery of the amount of the deficiency. In effect, American and White are entitled to offsetting judgments

against each other. As this court noted in *Rosemond,* White may seek to recover any damages in excess of those recoverable from American from the seller (Sherwood Chevrolet) since the seller is liable on the underlying sales contract and warranty. *Rosemond,* 288 S. C. at 525, 343 S. E. (2d) at 646.

We affirm the trial court's finding of liability on the counterclaim of White against American. We reverse the trial court's decision on the claim of American Federal against White. We remand the case for entry of offsetting judgments in favor of American Federal and White respectively in the amount of Two Thousand Eight Hundred Seventy-One and 28/100 Dollars ($2,871.28).

Affirmed in part, reversed in part and remanded.

GARDNER and GOOLSBY, JJ., concur.

