**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

21st Mortgage Corporation, Appellant,

v.

Robert Youmans and Tonya Stoney, Respondents.

Appellate Case No. 2013-001844

Appeal From Allendale County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2015-UP-112
Heard December 10, 2014 – Filed March 4, 2015

**AFFIRMED**

Thomas E. Lydon, of McAngus Goudelock & Courie LLC, of Columbia, for Appellant.

Mark Brandon Tinsley, of Gooding & Gooding PA, of Allendale; and Robert Norris Hill, of Law Office of Robert Hill, of Lexington, for Respondents.

**PER CURIAM:** In this action for claim and delivery of a mobile home, 21st Mortgage Corporation appeals the circuit court's granting of summary judgment to Robert Youmans and Tonya Stoney (Respondents), arguing the court erred in

finding: (1) 21st Mortgage was bound by a default judgment that Respondents obtained against the dealer who sold them the mobile home and financed the purchase, (2) 21st Mortgage had notice of the default judgment when it acquired the note securing the transaction, and (3) 21st Mortgage was subject to punitive damages and attorney's fees awarded against the dealer who defaulted in the prior lawsuit. We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:

1. As to whether 21st Mortgage was bound by the default judgment: *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (stating the appellant has the burden of providing a sufficient record upon which the appellate court can make its decision); *Bakala v. Bakala*, 352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) ("A due process claim raised for the first time on appeal is not preserved."); *Allegro, Inc. v. Scully*, 409 S.C. 392, 411, 762 S.E.2d 54, 64 (Ct. App. 2014) (finding certain issues were unpreserved for appellate review because there was nothing in the record on appeal indicating the objections at trial included arguments on those issues).

2. As to 21st Mortgage's allegation that record notice of the default judgment against a prior holder of the note was insufficient under subsection 37-2-404(2) of the South Carolina Code (2015): *Am. Fed. Bank, F.S.B. v. White*, 296 S.C. 165, 171, 370 S.E.2d 923, 927 (Ct. App. 1988) ("Section 37-2-404 *limits the extent* of the defense White may assert against American to the amount owing to American at the time of written notice." (emphasis added)). We further agree with Respondents that the court never ruled that the 2004 default judgment satisfied the notice requirement of subsection 37-2-404(2); rather, in stating "all the world was on notice" about the judgment, the court was merely observing that 21st Mortgage could have discovered the judgment before it purchased the note.

3. As to 21st Mortgage's argument that it should not be subject to attorney's fees awarded against the dealer who defaulted in the prior lawsuit: *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 56, 691 S.E.2d 135, 153 (2010) ("[A]ttorney's fees are intended to make [statutory] claims economically viable for private citizens whereas an award of punitive damages is designed to punish wrongful conduct and deter future misconduct."). Because the sum of the actual damages, attorney's fees, and costs awarded to Respondents in 2004 exceeded the amount owed on the note, we decline to address 21st Mortgage's argument that it should not have been subject to treble damages awarded in the prior lawsuit. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598

(1999) (declining to address certain issues raised by the appellant because resolution of a prior issue was dispositive).

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**