Elias & Shepherd v. Gill.

CASE 104—PETITION ORDINARY—FEBRUARY 9.

## Elias & Shepherd v. Gill.

APPEAL FROM KENTON CIRCUIT COURT.

1. RECOVERY OF MONEY LOST TO POOL-SELLER IN WAGERING ON HORSE RACES.—Persons who engage in gaming by means of selling pools on horse races are not within the protection of the statute which gives to one who loses money at gaming a right of action against the winner to recover the money lost. Gaming being carried on by them as a business, they are not within the spirit of the statute. But where one seeks to recover of pool-sellers, under that statute, money which they have won from him in wagering on horse races, they are entitled to deduct from the amount he claims the sums which he has won from them, thus giving him the right to recover only the excess.

2. SAME—PLEADING—INCONSISTENT ALLEGATIONS.—In such an action the denial by defendants, in one paragraph of their answer, that the plaintiff has lost to them the amount sued for is not inconsistent with the averment in another paragraph that at the times and in the transactions mentioned in the petition they have lost to plaintiff certain sums, which they plead as a counter-claim.

WM. GOEBEL FOR APPELLANTS.

The appellants deny that the appellee ever lost to them, or that they ever won from him, any money on horse races or otherwise, or that appellee ever paid them any money whatever at any time or place. This put appellee upon proof of his alleged claim.

HALLAM & MEYERS, O'HARA & BRYAN FOR APPELLEE.

The court did not err in adjudging the burden of proof to be on defendants. The defendants withdrew their traverse of plaintiff's losing, and even if it stood admitted that defendants had lost eighteen hundred dollars to plaintiff, still the defendants could not recover a cent of it (they being by confession professional wagerers) unless they should prove plaintiff himself to be a professional wagerer also. It was, indeed, too favorable to defendants to allow them, professional gamblers, to recover even from another professional. The law was not made for the benefit of such at all. (Brown v. Thompson, 14 Bush, 538.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee brought this action to recover of appellants eighteen hundred and sixty-three dollars, alleged to have

been wagered on horse races with and lost and paid by him to them, as partners, in different amounts and at different dates between May 30, and July 27, 1889.

In the first paragraph of the answer there is a denial that the sum sued for, or any part of it, was lost or paid by appellee to appellants or either of them at or on account of wagering on horse races or otherwise, at the dates specified, or any other time or times. In the second paragraph and subsequent amendments thereto, it is averred in substance that at the dates and place, and in the same transactions mentioned in the petition, appellants wagered on horse races with, and lost and paid to, appellee, the aggregate sum of eighteen hundred dollars, never repaid, for which they pray judgment, the answer being for that purpose made a counter-claim.

The reply contains two paragraphs: In the first is a denial that at the times mentioned in the answer or at any time, appellants, or either of them, lost or paid to appellee any money whatever at wagering on horse races. In the second is the averment in substance that all the wagering mentioned in the pleadings preceding the reply were made with appellee by appellants as partners engaged and interested in a certain pool-room in the city of Covington, kept contrary to law, wherein they were professional wagerers against the public on horse races, and that appellee was one of the public and not a professional wagerer. The lower court overruled the general demurrer of appellants to the reply, but sustained their motion requiring appellee to elect which paragraph of his reply should be stricken from his pleading, and upon his refusal so to elect the first paragraph was stricken out of the reply. Appellants then filed a rejoinder wherein

they denied that in the transactions mentioned appellee was, as alleged in his reply, one of the public; but averred that he was a professional wagerer, and engaged in wagering as a business and means of support.

As appears from the bill of exceptions, the court decided that the only issue in the case was whether appellee was, in the transactions mentioned in the pleadings, a professional wagerer, and required appellants to assume, on the trial, burden of proof. And notwithstanding there was evidence conducing to prove he was such wagerer, a peremptory instruction was given to the jury to find the full amount sued for, which was done.

Section 2, article 1, chapter 47, General Statutes, provides that "if any person shall *lose to another* at one time or within any twenty-four hours, five dollars or more * * and shall pay * * the same, such loser or any creditor of his may recover the same * * from the winner * * by suit brought within five years after the payment."

Undoubtedly a cause of action under that section was stated in appellee's petition. But each material allegation thereof was expressly traversed in the first paragraph of appellant's answer; yet, although no demurrer was or could properly have been sustained to that paragraph, the lower court seems to have ignored the issue of fact thus made by it, and restricted the jury to the single issue mentioned, which does not, in our opinion, involve the sole inquiry in this case by a good deal. That ruling must have been based upon the erroneous assumption that the statement of the cause of counter-claim was inconsistent with the traverse of the allegations contained in the petition.

Section 113, Civil Code, expressly provides that a pleading may contain statement of as many causes of action, matters of estoppel and avoidance, and as many traverses, as there may be grounds for in behalf of the pleader, provided the pleading does not contain inconsistent statements. But no motion was made by appellee to require appellants to elect which of the two paragraphs should be stricken from his answer; nor do we think it ought to have been sustained, if made. For it does not seem to us there is any inconsistency between the denial in the first paragraph of the answer that appellee had, as alleged, lost the amount sued for to appellants, and the averment of the second paragraph that at the times and in the transactions mentioned in the petition, they had lost to him the amount for which judgment is asked in the counter-claim. According to the letter of the statute under which this action was brought, appellants, though keepers of a pool-room and professional wagerers on race horses, might have recovered the amount lost by them in the transactions mentioned.

Nevertheless, it was held in Brown v. Thompson, 14 Bush, 538, that a person who sets up or is interested in setting up a faro-bank can not, under the statute in question, recover back money lost to one betting against the bank; the rule being there applied that "a case within the letter but not within the spirit of a remedial statute, is not embraced by it." And looking to the evil of gaming, suppression of which was the object of the statute, it is obvious that persons who engage in gaming by means of selling pools on horse races, are no more within protection of that statute than those who set up or keep faro banks; for in each case gaming is carried on and

made a business.   Indeed, the contrivance known as "French pool," which is used to make wagers on horse races, and not essentially different in its use or effects from the contrivance alleged to be used by appellants, has been distinctly held gaming in meaning of the statute, and, consequently, not protected but rather denounced by it.   (Commonwealth v. Simonds, 79 Ky., 618.)

But while it is true appellants could not, by an original action, have recovered any part of the amount lost in their own pool-rooms to appellee, nor are entitled to judgment even on their counter-claim, still, whatever amount or amounts they lost to him on account of wagers between them on horse races at the dates or within the period mentioned in the petition, should be set off against or deducted from what he may be entitled to recover in this action.   For certainly it was not the intention of the Legislature to afford to a party voluntarily buying pools on horse races, or betting at a faro-bank, the undue advantage of recovering back what he may have lost to the seller or dealer, without disgorging and accounting for what he won from him.   The purpose of the statute was to afford to such party remedy to the extent of his actual loss, not to enable him to recover back what he lost, while keeping and profiting by what he won from the defendant.   It therefore seems to us clear that the criterion of the amount appellee is entitled to recover, if any at all, is the excess of what he lost to appellants above what he won from them during the period mentioned; and at the trial the burden should be on him to show the amount of his losses to appellants, subject to reduction or set-off by the amount he won from them.

The judgment is reversed and cause remanded for a new trial consistent with this opinion.