21156

The CASS CO., Respondent, v. Ann G. NANNARELLO ond William S. Toussaint, Defendants, of whom Ann G. Nannarello is Appellant.

(262 S. E. (2d) 924)

*H. Samuel Stilwell* and *Nicholas P. Mitchell, III*, Greenville, *for appellant.*

*Wilkins & Wilkins*, Greenville, *for respondent.*

February 20, 1980.

LEWIS, Chief Justice:

The respondent initiated this action against the appellant and the purchaser to recover real estate commissions for its efforts in procuring a purchaser for the appellant's home. The lower court sustained the purchaser's (Toussaint's) demurrer to the complaint and dismissed him as a party. Motions for summary judgment were then made by both, respondent and appellant. That of respondent was granted for recovery of his commission fee and the seller (appellant) has appealed.

Respondent brought this action against appellant and the purchaser, individually and jointly, and alleged that appellant and the purchaser conspired to deprive respondent of the right to recover the commissions. Initially, the appellant asserts she was entitled to a summary judgment because the purchaser, who was her alleged co-conspir-

ator, was released from liability and the complaint only states a cause of action for a conspiracy to deprive the respondent of its commission by a breach of contract. We disagree as we read the complaint as also sufficiently alleging a cause of action for breach of contract. *See Goble v. American Railway Express Company*, 124 S. C. 19, 115 S. E. 900.

Next, the appellant argues that, under the terms of the contract, the actual closing of the sale was a condition precedent to the receipt of commissions. She therefore concludes that since the purchaser did not consummate the sale, no commission was earned. We disagree.

After a conversation between the appellant and the respondent concerning the sale of the house, the respondent confirmed the negotiations by letter. This letter was endorsed by the appellant. It provides, in pertinent part, as follows: "Said commission is to be payable to the Cass Co. for my efforts *in procuring* a purchaser." (Emphasis added.)

As a general rule, a broker has earned his commission when, as in this case, he procures a purchaser who is accepted by the owner of the property and with whom the latter, uninfluenced by any representation of fraud on the part of the broker, enters into a valid and enforceable contract; and such right to compensation will not be defeated by the failure or refusal of the purchaser to consummate the contract. *Thomas-McCain, Inc. v. Siter*, 268 S. C. 193, 232 S. E. (2d) 728.

In light of this general rule and the aforementioned contractual provision, we affirm.

Judgment affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.