1199

EAGLE AGENCY, INC., Respondent v. Mack T. HUCKS, Appellant.
(371 S. E. (2d) 5)

Court of Appeals

*Irby E. Walker, Jr.* and *Terry W. Smith,* Conway, *for appellant.*

*John P. Henry* and *Emma Ruth Brittain,* both of *Thompson, Henry & Gwin,* Conway, *for respondent.*

Heard May 24, 1988.

Decided Aug. 1, 1988.

GARDNER, Judge:

Eagle Agency, Inc., (Eagle) sued ·Mack T. Hucks (Hucks) for a sales commission under an exclusive right to sell agreement. The trial judge granted summary judgment to Eagle. We affirm.

The party's exclusive right to sell contract provided in pertinent part:

> In consideration of your agreement to list the following property for sale *and use your efforts to find a purchaser,* the [owners] grant you the exclusive right . . . at the price and terms set forth below, or such other price that we may agree upon. . . .
>
> \* \* \* \* \* \*
>
> Owner(s) agree to *pay you a commission if a purchaser is procured by you.* . . .

We note that the agreement does not mandate a ready, willing and able buyer; we later address this issue.

Subsequent to the execution of the agreement, Eagle procured two purchasers with whom Hucks contracted for sale

of the property. The purchasers' offer was "contingent on seller's acceptance or rejection by 6 P.M., Oct. 1, 1985." Hucks signed the contract but later rejected it before the October 1 deadline. No reason for the rejection appears in the record.

We address the issues presented seriatim.

Hucks first contends that there was no evidence before the court of a valid contract of sale brought about by Eagle because he rejected the contract he entered into with the purchasers. We think this argument is untenable for two reasons.

First, even if the sales contract with the purchasers, under the circumstances, became unenforceable because Hucks reserved to himself a unilateral right of termination, the Hucks-Eagle exclusive right to sell agreement only required procurement of a buyer who agreed to Hucks' terms; it required neither Hucks' acceptance nor a closing.

And second, the general rule is that a broker earns his commission when he procures a purchaser who is accepted by the seller and with whom the seller, absent fraud or misrepresentation by the broker enters into a valid and enforceable contract. *Cass Co. v. Nannarello*, 274 S. C. 326, 262 S. E. (2d) 924 (1980). Hucks voluntarily terminated the contract; it was enforceable against the purchaser. We therefore reject this contention of Hucks.

Hucks next argues that there is no evidence of record showing that the purchasers were able to consummate the sale. His argument is that the broker or sales agent not only must find a purchaser but that it was incumbent upon Hucks to establish that the purchaser was ready, willing and able to perform. This argument has no merit. *Cass Co. v. Nannarello, supra,* holds that once a broker has procured a buyer who is accepted by the seller, the broker's "right to compensation will not be defeated by the failure or refusal of the purchaser to consummate the contract." We, therefore, reject this argument.

Finally, Hucks argues that an ambiguity of the contract creates a question of fact as to when the commission was earned. This argument is not preserved by exception and, therefore, is not properly before the court. *Shannon v. Shannon*, 292 S. C. 112, 355 S. E. (2d) 4 (Ct. App.

1987). Moreover, we hold that this argument is without merit. Hucks argues that the October 1 acceptance-rejection deadline in the sales contract he entered into with the purchasers created an ambiguity as to when the commission would be earned. This alleged ambiguity in the sales contract between Hucks and the purchasers cannot alter the clear terms of the exclusive right to sell contract entered into between Eagle and Hucks. And we so hold.

For the above reasons, the appealed order is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.