1768

Robert N. SHERMAN, Appellant v. Karen L. SHERMAN, Respondent.

(414 S.E. (2d) 809)

Court of Appeals

*Jack Alan Landis*, Moncks Corner, *for appellant.*

*Peter F. Them, II*, Summerville, *for respondent.*

Heard Jan. 15, 1992.

Decided Feb. 24, 1992.

LITTLEJOHN, Acting Judge:

After losing his job and having to take a position at a much lower salary, the husband petitioned the family court for a reduction in child support and asked for an award of attorney fees. The court reduced the child support from $700 per month to $475 per month and required the husband to pay $19.63 per month to the wife as reimbursement for the children's health insurance premiums. The court refused to award the husband attorney fees but awarded the wife attorney fees in the amount of $1,000 and costs in the amount of $701.14.

The husband appeals the amount of the reduction of child support, the award of attorney fees and costs to the wife and the failure to award attorney fees to him. We affirm.

### Child Support

The court found that the child support guidelines indicated that the husband's monthly support obligation was $435. The court awarded the wife $475 per month in child support but did not give an explanation for its deviation from the guidelines. The husband argues that the court erred in varying from the child support guidelines without making specific findings of fact. We disagree.

S.C. Code Ann. § 20-7-852(A) (Supp. 1990) provides in pertinent part:

> When the court orders a child support award that *varies significantly* from the amount resulting from the application of the guidelines, the court shall make specific, written findings of those facts upon which it bases its conclusion supporting the award. (Emphasis added.)

We find that the amount awarded was not a significant variation mandating specific findings of fact by the trial court.

### Attorney Fees and Costs

The husband argues that the court erred in awarding attorney fees to the wife because the wife was not the prevailing party in this action. The court found, however, that the results were reasonably favorable to the wife. The granting of attorney fees is largely in the discretion of the trial judge. *Stevenson v. Stevenson*, 295 S.C. 412, 368 S.E. (2d) 901 (1988). The court shall consider the following factors in awarding attorney fees: the nature, extent and difficulty of the services; the time necessarily devoted to the case; the professional standing of counsel; the contingency of compensation; the beneficial results accomplished; and the customary legal fees for similar services. *Glasscock v. Glasscock*, — S.C. —, 403 S.E. (2d) 313 (1991). We find no abuse of discretion in awarding the wife attorney fees.

The husband also argues that the court erred in granting the wife costs since they were not pleaded. There is nothing in the record which indicates that the husband objected to the evidence of legal research costs or deposition costs. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 15(b), SCRCP. See, Rule 2(a), SCRFC. We find that the issue was tried by consent and find no abuse of discretion in the court's award.

The husband also contends that the court erred in failing to award him attorney fees. We find no abuse of discretion.

Affirmed.

SANDERS, C.J., and SHAW, J., concur.