## 2114

Jane Davenport McCURRY, Appellant v. Dennie W. KEITH and Cynthia S. Keith d/b/a The Executive and/or Dennie W. Keith Amusements, Respondents.

(439 S.E. (2d) 861)

Court of Appeals

*Thomas F. McDow,* Rock Hill, *for appellant.*

*Stanley D. Ragsdale,* of *Leventis & Ragsdale;* and *F. Patrick Hubbard;* Columbia, *for respondents.*

Heard Nov. 3, 1993.

Decided Jan. 10, 1994.

CONNOR, Judge:

Jane Davenport McCurry sued the Keiths to recover over $8,000 she lost playing video poker machines at their business. She alleged fifteen separate incidents. The trial judge granted the Keiths' motion for judgment on the pleadings and McCurry appeals. We reverse and remand.

The court held the facts McCurry alleged showed: (1) the money she lost was for the use of the machine; (2) the poker machines were not illegal and, therefore, not in violation of the statute; and (3) the Keiths were not "so playing" the game under the statute.

According to the complaint, the Keiths operate The Executive, a business, in Fort Mill, containing poker machines. The complaint alleges that a poker machine is a game within the scope of S.C. Code Ann. § 82-1-10 (1991).[1] The causes of action state, in pertinent part, that McCurry, "by playing a game at The Executive lost, paid and delivered to" the Keiths a sum of money.

A judgment on the pleadings is a drastic procedure and, therefore, is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle her to judgment. *Russell v. City of Columbia,* 305 S.C. 86, 406 S.E. (2d) 338 (1991). Moreover, the pleadings must be construed liberally to ensure substantial justice between the parties. *Id.*

The trial court held McCurry had only alleged payments for the use of the machine. A liberal reading of the complaint indicates McCurry is claiming she lost money gambling on a poker machine. The trial court's conclusion that McCurry spent money for the right to play the game rather that lost money at gambling is too narrow a reading of the complaint.

As a further ground for granting judgment on the pleadings, the court found S.C. Code Ann. § 32-1-10 (1991) applies only to illegal games and poker machines were not illegal. The recent Supreme Court opinion, *Berkebile v. Outen,* — SC. —, 426 S.E. (2d) 760 (1993), construed this code section to entitle a losing player to recover whether or not the game was illegal.[2] The Court reasoned that the General Assembly contemplated a policy which prevents a gambler from allowing

---

[1] This code section allows a gambler to recover losses of $50 or more.

[2] This case was not available to the trial judge at the time the order was entered.

his vice to overcome his ability to pay, thereby protecting citizens and their families from a gambler's uncontrollable impulses. *Id.*

The Trial court also found the complaint did not allege the Keiths were "so playing" the game under South Carolina Code Ann. § 32-1-10 (1991). The statute gives the right of recovery to a person "who shall ... by playing at cards, dice table or any other game whatsoever ... lose to any person or persons *so playing*. ..." [Emphasis added.] The trial court wrote: "The sole player was [McCurry], who had paid the contract price for the right to use the game machine for her play. [McCurry] was, in fact, playing a solitary game with a machine; there was no human opponent."

*Berkebile,* did not address the "so playing" component of the statute. However, *State v. Blackmon,* 304 S.C. 270, 403 S.E. (2d) 660 (1991), another Supreme Court case, recognized the payoff from machines is by humans. *Blackmon* involved an interpretation of S.C. Code Ann. § 16-19-40 (1985) and S.C. Code Ann. § 16-19-60 (Supp. 1992). The Court held these statutes did not prohibit grocery store owners from disbursing money to players who accumulated free plays on coin-operated nonpaymout machines with free-play features, because the payoff is by humans rather than by machines.

In this case, the complaint alleges the payments were made by the Keiths. A liberal reading of the complaint compels the conclusion the Keiths were "so playing," especially in light of the policy considerations outlined in *Berkebile.* For these reasons, this case is reversed and remanded.

Reversed and remanded.

SHAW and BELL, JJ., concur.