481 S.E.2d 166

**Jane Davenport McCURRY, Appellant,**

v.

**Dennie W. KEITH and Cynthia S. Keith d/b/a The Executive and/or Dennie W. Keith Amusements, Respondents.**

**No. 2611.**

Court of Appeals of South Carolina.

Heard Oct. 9, 1996.

Decided Jan. 13, 1997.

Rehearing Denied Feb. 20, 1997.

442

Thomas F. McDow, Rock Hill, for appellant.

Debra Y. Chapman and J. Preston Strom, Jr., Columbia, for respondents.

HEARN, Judge:

In this action for recovery of video poker gambling losses, Jane Davenport McCurry sued Dennie W. Keith and Cynthia S. Keith for $8,560. McCurry appeals the trial judge's finding that the Keiths were entitled to a $5,000 setoff representing McCurry's winnings. We affirm.

### *Facts*

McCurry brought this action for recovery of video poker gambling losses against the Keiths on January 7, 1991. The trial judge granted summary judgment in favor of the Keiths. McCurry appealed the order to this court which reversed and remanded for a trial on the merits. *McCurry v. Keith*, 312 S.C. 254, 439 S.E.2d 861 (Ct.App.1994).

On remand, the trial judge found McCurry had sustained losses of $8,560 from October 5, 1990 to November 29, 1990 at The Executive, the Keiths' video poker establishment. The trial judge also found McCurry had won $5,000 during the same time period; therefore, he awarded her $3,560. McCurry made a motion pursuant to Rule 59(e), SCRCP, requesting the trial judge to reconsider his order, arguing that he should not have allowed the Keiths a setoff of $5,000. The trial judge denied the motion, holding McCurry "waived her right to contest that any type of setoff should be allowed" because "she brought up her winnings and testified about her winnings without any objection."

444

## Discussion

■ McCurry argues the trial court erred in granting the Respondents a setoff of $5,000 because the Respondents failed to request this relief in their pleadings. We disagree.

S.C.Code Ann. § 32–1–10 (1991) provides:

> Any person who shall at any time or sitting, by playing at cards, dice table or any other game whatsoever or by betting on the sides or hands of such as do play at any of the games aforesaid, lose to any person or persons so playing or betting, in the whole, the sum or value of fifty dollars and shall pay or deliver such sum or value or any part thereof shall be at liberty, within three months then next ensuing, to sue for and recover the money or goods so lost and paid or delivered or any part thereof from the respective winner or winners thereof, with costs of suit, by action to be prosecuted in any court of competent jurisdiction. (emphasis added).

■ The purpose of this statute is to punish excessive gaming and to prevent a gambler from allowing his vice to overcome his ability to pay. *Berkebile v. Outen,* 311 S.C. 50, 55, 426 S.E.2d 760, 763 (1993). "The legislature adopted a policy to protect a citizen and his family from the gambler's uncontrollable impulses. This appears to be similar to the policies which underlie the adoption of limits to the amount of alcohol someone may drink in public, and the speed one may use on the highway." *Id.*

■ A proper measure of loss requires an adjustment for amounts gained or saved. This measure of damages places the injured party in the position that existed prior to the loss. *See, e.g., Petty v. Weyerhaeuser Co.,* 288 S.C. 349, 356–57, 342 S.E.2d 611, 616 (Ct.App.1986). To allow a gambler to recover losses and pocket winnings would create a perverse result contrary to legislative intent: Granting a windfall to a gambler would neither punish excessive gaming nor protect a gambler and his family from the gambler's irresistible impulses. *See Berkebile,* 311 S.C. at 55, 426 S.E.2d at 763. Thus, we read the statute to allow a gambler only to recover his *net* losses at any one time or sitting.

McCurry alleged sixteen different occasions on which she lost money playing poker machines. To play these games, McCurry either cashed checks at The Executive or withdrew money from an ATM machine. The trial judge found her losses totalled $8,560.

While McCurry lost money on the video poker machines, she also admitted winning money from the machines on some of the same occasions. She remembered at least one time when she left "with money in her pocket." The Keiths and two of their employees testified McCurry won $5,000. Cynthia Keith testified McCurry won $1,000, $1,500, and $2,500 on three different occasions. Roger Redmond stated McCurry won $5,000 between December 12 and December 20, 1990. Gracie Walker stated she saw McCurry win $5,000 near the end of October. McCurry denied ever winning this amount, estimating her winnings at between $1,700 and $2,400. Mr. Keith testified he did not keep any records of payouts made to The Executive's patrons.[1]

We recognize that the statute plainly refers to losses occurring at one time or sitting, and that the intent of the legislature was to allow a gambler to recover his net losses at any one sitting. In the present case, the evidence does not indicate that the dates of McCurry's winnings corresponded with the dates she suffered losses. Thus, the setoff was not from winnings which occurred at the same sitting as McCurry's losses. However, because McCurry did not raise this issue on appeal, we address only the issue of whether the Keiths were required to plead McCurry's winnings as a setoff.

We do not believe the Keiths were required to plead McCurry's winnings as a setoff. We read S.C.Code Ann. § 32-1-10 as setting forth the damages recoverable by a gambler. The language "in the whole" refers to net losses because it accounts for a gambler's winnings by considering the gambling transaction in its entirety.

A similar case was decided by the Kentucky Court of Appeals in *Elias v. Gill,* 92 Ky. 569, 18 S.W. 454 (1892). In *Elias,* the gambler sought to recover money he lost betting on

---

1. In her brief, McCurry does not argue the Keiths failed to prove her winnings were at the same sitting as her losses; instead, she asserts the trial judge erred in granting a setoff which had not been pled.

horse races under a similar statute. The bookmaker sought to offset the gambler's winnings. The court agreed, stating:

[W]hatever amount or amounts they lost to him on account of wagers ... should be set off against, or deducted from, what he may be entitled to recover in this action; for certainly it was not the intention of the legislature to afford to a party ... the undue advantage of recovering back what he may have lost to the seller or dealer, without disgorging and accounting for what he won from him. The purpose of the statute was to afford to such party remedy to the extent of his actual loss, not to enable [him] to recover back what he lost, while keeping and profiting by what he won from the defendants. It therefore seems clear to us that ... the amount appellee is entitled to recover, if any at all, is the excess of what he lost to appellants above what he won from them ... [A]t the trial the burden should be on [the gambler] to show the amount of his losses to appellants, subject to reduction or set-off by the amount he won from them.

*Id.*, 18 S.W. at 456. *See also Hutton v. Curry*, 93 Ohio St. 339, 112 N.E. 1019, 1020 (1916) (allowing setoff for losses sustained in gaming transactions even though not pled); *Watts v. Malatesta*, 262 N.Y. 80, 186 N.E. 210, 211–14 (1933) (Crane, J. dissenting) (noting disingenuousness of allowing gamblers to regain their losses while retaining their winnings).

We agree with the court's reasoning in *Elias*. The intent of the legislature in enacting S.C.Code Ann. § 32–1–10 was to punish excessive gambling and protect the gambler and his family against the gambler's excesses, not to give gamblers a windfall. We do not believe the legislature intended the statute to insulate the gambler against the risk of loss by allowing him to both recover his losses and keep his winnings.

Additionally, we believe McCurry waived her right to object to the trial judge's consideration of her winnings. The Keiths' attorney mentioned McCurry's winnings in her opening statement and questioned McCurry about her winnings without objection. This constituted a waiver of the right to contest McCurry's winnings on appeal. *See State v. Somerset*, 276 S.C. 220, 221, 277 S.E.2d 593, 594 (1981) (noting that party objecting to course of argument must object). Moreover,

McCurry's counsel questioned McCurry about her winnings on direct examination. If gross losses had been the only issue, winnings would not have been relevant.

Finally, even had we accepted Appellant's argument that the $5,000 setoff should have been pled, we would have held the issue tried by implied consent pursuant to Rule 15(b), SCRCP. When issues not raised in the pleadings are tried by consent, they will be treated as if they had been raised in the pleadings. *Sherman v. Sherman*, 307 S.C. 280, 282, 414 S.E.2d 809, 811 (Ct.App.1992).

Accordingly, the decision of the special circuit judge is

**AFFIRMED.**

HOWELL, C.J., and STILWELL, J., concur.